## WELLS FARGO V. MARTINEZ

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**WELLS FARGO BANK, N.A., as Trustee on Behalf of the HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES SERIES 2007-1,**
**Plaintiff-Appellee,**
**v.**
**MARCELINA Y. MARTINEZ,**
**Defendant-Appellant,**
**and**
**CARL J. MARTINEZ, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Successor Trustee to JPMORGAN CHASE BANK, N.A., as Trustee on Behalf of the CERTIFICATE HOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2007-1, GILBERT ROMERO AND UNKNOWN TENANT (REAL NAME UNKNOWN),**
**Defendants.**

Docket No. A-1-CA-36285
COURT OF APPEALS OF NEW MEXICO
May 7, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, David K. Thomson, District Judge

**COUNSEL**

Houser & Allison, APC, Lindsay K. Griffel, Albuquerque, NM for Appellee

Marcelina Martinez, Santa Cruz, NM Pro Se Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  KRISTINA BOGARDUS, Judge BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant-Appellant Marcelina Martinez (Defendant), a self-represented litigant, appeals from the district court's in rem judgment, decree of foreclosure, and order of sale and denial of her motion for reconsideration. In this Court's notice of proposed disposition, we proposed summary affirmance. Defendant filed a memorandum in opposition and Plaintiff filed a memorandum in support, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Defendant continues to argue that the district court judge acted outside his authority by issuing orders based on a hearing conducted by a previous judge; the district court erred in granting summary judgment despite numerous material fact disputes; and the district court erred in presuming standing despite several issues indicating a lack thereof. Defendant has not asserted any facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent Defendant argued in her amended docketing statement that the district court abused its discretion by failing to fully adjudicate the motion to vacate orders prior to ruling on subsequent motions, we deem this issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's orders.

**{4}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**